UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


AARON E. COLYER #00375504          )
                                   )
v.                                 )   NO. 2:05-CV-143
                                   )
LORI DELP, LT. BERNALLI,[1] MAJOR  )
HENSLEY, SULLIVAN COUNTY,          )
TENNESSEE SHERIFF'S DEP'T, and     )
SULLIVAN COUNTY, TENNESSEE         )
PUBLIC DEFENDER'S OFFICE           )


**MEMORANDUM and ORDER**

Aaron E. Colyer, a state prisoner confined in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00. Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

> (a) twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust

---

[1] In his pleadings, the plaintiff uses various spellings for this defendant's last name. For the sake of consistency, the spelling used in the caption has been used throughout this memorandum.

>    account;
>
>                    or
>
> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on May 17, 2005. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[2]  *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

In his complaint, the plaintiff alleges four claims. In the first one, he maintains that the SCDC is extremely overcrowded; that inmates (including the plaintiff) have been forced to sleep on the floor only five feet from toilets and showers for a six-month period; that his 16-person cell now houses 30 inmates and that, of those 30, 14 inmates must sleep on the floor.

---

[2]  Send the payments to:
>    Clerk, USDC
>    220 West Depot Street, Suite 220
>    Greeneville, TN 37743

In his second claim, the plaintiff contends that he has not received a physical examination this year; that he has complained of blackouts, dizziness, an anxiety disorder, and has been denied medical treatment for his maladies. He further contends that he is served an inadequate diet and that he has lost 30 pounds, due to the lack of nutritional value in inmate meals at the SCDC.

His third claim concerns allegations that he has been denied due process of law by the Sullivan County Public Defender's office. More specifically, he charges that his Public Defender attorney has not furnished him with records and transcripts, which he regards as essential to (challenge?) his plea agreement and his probation (revocation?). He also asserts that the SCDC law library has an insufficient inventory of law books; that the books which are available have pages missing; that the inadequacies in the law library make it impossible for an inmate to prepare a proper defense or appeal or research grounds for dismissal of criminal charges; and that he has been denied access to the law library. All of this, he maintains, violates his right to due process.

3

His fourth and final claim, is that he is confined illegally in the jail, given that his plea agreement contained a provision that he would serve a one-year sentence at 30% and that, due to continuing, multiple errors, he has been imprisoned for a longer period than was agreed to by the parties (188 days as of May 6, 2005). The plaintiff also reiterates aspects of his previous claim (i.e., that the Public Defender's Office has refused to provide the plaintiff with the transcripts and documents which would prove to the court that, in fact, his continued confinement is unlawful). Though he has written to Sentence Management, which, presumably, is the state agency in charge of such matters, concerning his complaints, he has not received a response in more than three weeks.

As an initial matter, the plaintiff's third claim (except for the allegations concerning deficiencies in the SCDC law library) and his fourth claim relate to the fact or duration of his confinement and, if he is seeking an immediate or speedier release from that confinement,[3]

---

[3] In a letter, the plaintiff asks that his correspondence be construed as a petition for a writ of habeas corpus to challenge his confinement and a

then his sole federal remedy with regard to such claims lies in filing a petition for a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973), after exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Allegations like this fail to state a valid claim under § 1983, and claims three (except for the law-library allegations) and four are **DISMISSED** without prejudice.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*,

---

request for immediate/early release or immediate transfer to a state facility where these conditions do not exist. The Court cannot construe his letter as a petition because, among other deficiencies, it does not contain information that is essential to a federal district court which must review the habeas petition. Rules 2 and 4 of Rules—Section 2254 Cases. Nevertheless, the plaintiff will be sent a form application for a writ of habeas corpus which he may fill out and return if he wishes to pursue relief under § 2254.

531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at 1104)).

In this case, the plaintiff maintains, in section II of his complaint, that he "filed multiple grievances in relation to each civil rights violation" and that "nothing has been done in attempt to correct these violations nor to facilitate my needs or the needs of

6

other inmates." On a separate sheet of paper, attached as "page #2" to his complaint, he alleges that he has filed grievances in accordance with jail administrative procedures, which were either rejected or unresolved,[4] and that grievances submitted at the SDCD are reviewed by Sgt. Lori Delp, Lt. Bernalli, and Major Hensley.

In a letter submitted subsequently, he explains that he has filed approximately ten grievances and is waiting for the jail administrator to return them and that as soon as he receives copies of his grievances, he will amend his complaint. (Doc. 4, Letter dated May 16, 2005). In a second letter, he states that he received "seven grievances back today" and that the officers "have not even answered completely the grievances I have sent to them." (Doc. 5, Letter dated May 17, 2005). In a third letter, the plaintiff maintains that he received a response on a grievance about not being given a physical examination, that he now has 12 grievances and other documents, and that, since he is having difficulty

---

[4] He also maintains that he filed grievances with regard to the allegations now presented as claims three and four in his complaint. Since these claims have been dismissed, the Court need not consider whether the claims have been administratively exhausted.

7

obtaining copies, he soon will send either the originals or hand-written copies. (Doc. 6, Letter dated May 18, 2005).

In a fourth letter, the plaintiff maintains that he has received a response to a grievance, dated 05/11/05 "for inhumane/unsafe environment and overcrowding," and that he intends to appeal this decision to the grievance officer, Lt. Troy Bernalli. (Doc. 7, Letter dated May 19, 2005). He further maintains that he is still waiting to have copies made of the grievances which he has "completely exhausted all administrative efforts on." (*Id.*) The last letter, does not pertain to the exhaustion issue, but is titled "Supporting Document A", and is actually a request, addressed to an Officer Shuler, dated May 19, 2005, in which the plaintiff is seeking to obtain envelopes, stamps, and pens, to be charged to his inmate trust account and to be paid for as become available. (Doc. 8).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d

486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, U.S. App. LEXIS 7166, *4 (6th Cir. Apr. 27, 2005). Furthermore, a prisoner must exhaust his administrative remedies *before* filing a federal lawsuit and cannot exhaust these remedies during the pendency of the action. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The Court has reviewed all of the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to the remaining claims raised in his complaint. Indeed, he acknowledges that he intends to appeal the adverse decision made with respect to his grievance complaining about overcrowding and the unsafe environment at the SCDC (Claim one).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the SCDC, to ensure full compliance with the fee-

assessment procedures outlined in this memorandum.  The Clerk is further  **DIRECTED** to send the plaintiff an application to proceed *in forma paupers*; a standardized form used to file petitions for a writ of habeas corpus under 28 U.S.C. § 2254; and a sheet of instructions as to federal filing requirements.

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.


**ENTER**:


                      S/Thomas Gray Hull
                      THOMAS GRAY HULL
                SENIOR U. S. DISTRICT JUDGE